UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RITA HUBBARD-KLIK,

    Plaintiff,

v.

UNITED AMERICAN PAYROLL 17, INC.
and RYAN SHERMAN,

    Defendants.
                                 /

Case No. 08-10052

Honorable Patrick J. Duggan

## OPINION

Plaintiff initiated this lawsuit in Macomb County Circuit Court on December 4, 2007, after Defendants terminated her employment. Defendants removed Plaintiff's Complaint to federal court on January 3, 2008, asserting that this Court has original jurisdiction based on a federal question, 28 U.S.C. §§ 1331, 1441. Specifically, Defendants based the removal on their belief that Plaintiff alleges a claim in her Complaint under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§12101 *et seq.* While Plaintiff never objected to the removal, Plaintiff recently asserted in response to Defendants' pending summary judgment motion that she never brought a claim under the ADA. (Doc. 22 at 8.) This prompted the Court, on November 7, 2008, to issue an Order to Show Cause why this case should not be remanded for lack of subject matter jurisdiction.

Defendants filed a response to the show cause order on November 12, 2008,

contending that Plaintiff's Complaint contains language that indicated that Plaintiff was asserting a claim under the ADA. Specifically, Defendants refer to the following allegations in Plaintiff's Complaint:

> (1) "The claims in this action are claims that arise under the . . . Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq* . . ."
>
> (2) "Plaintiff is a person with [a] disability for purposes of the . . . Americans with Disabilities Act;" and
>
> (3) "Plaintiff's disability was a motivating factor in her discharge, constituting violations of . . . 42 U.S.C. § 12101 *et seq*. . . ."

(Compl. ¶¶ 4, 10, 26.) Further, on January 8, 2008, Defendants filed Answers to Plaintiff's Complaint that included the following "Special Affirmative" defense:

> Plaintiff's claim for violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. is barred because Defendant UAP is not an employer as defined by the act.

(Doc. 2 ¶ 4; Doc. 4 ¶ 4.) Thereafter, the parties engaged in discovery. At no time, did Plaintiff contend that she was not alleging a violation of the ADA. It only was on September 5, 2008, in response to Defendants' argument in a summary judgment motion that Plaintiff's ADA claim must be dismissed because she failed to exhaust her administrative remedies, that Plaintiff stated that she is not asserting an ADA claim. Plaintiff states in her response brief:

> As an initial matter, Plaintiff readily concedes that any claim for relief under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* would, if brought, fail in view of the statute's exhaustion prerequisites. However, Plaintiff never brought a claim under the ADA as evidenced by the counts themselves in which no specified relief is sought under

2

that statutory scheme.

(Doc. 22 at 1.)

Although Plaintiff now contends that she is not asserting any claim under the ADA, this Court is satisfied that the allegations in Plaintiff's Complaint set forth above assert such a claim, thereby giving this Court original jurisdiction over Plaintiff's Complaint. Defendants therefore were justified in removing the Complaint to federal court. The Court now must decide whether it should exercise supplemental jurisdiction over Plaintiff's state law claims based on Plaintiff's concession that a claim under the ADA fails.

This action has been pending for more than eleven months. A scheduling order was entered in this case on January 31, 2008, setting June 15, 2008 as a deadline for filing motions.[1] The Court also scheduled a pretrial conference for August 19, 2008, and a trial for the months of September/October 2008. Defendants have filed a motion for summary judgment with respect to all of Plaintiff's claims and that motion is fully briefed. Therefore, the Court believes that the most efficient use of judicial resources would be for it to exercise supplemental jurisdiction and not remand this action.

Accordingly, the Court concludes that Defendants satisfied the Order to Show Cause and finds that it has subject matter jurisdiction with respect to Plaintiff's Complaint. The Court further concludes that it should exercise supplemental jurisdiction over all of Plaintiff's state law claims.

---

[1] The deadline for filing motions was extended to August 15, 2008 by stipulation of the parties.

s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT JUDGE

Copies to:

Brian J. Cole
Khalid Shiekh
Linda G. Burwell
Gregory Meihn