UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RITA HUBBARD-KLIK,

    Plaintiff,

v.                                               Case No. 08-10052
                                                Honorable Patrick J. Duggan

UNITED AMERICAN PAYROLL 17, INC.,
and RYAN SHERMAN,

    Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S OBJECTIONS TO ENTRY OF TAXABLE COSTS

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on March 24, 2009.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

Plaintiff initiated this lawsuit against Defendants, alleging that Defendants violated Michigan's Persons with Disabilities Civil Rights Act, MICH. COMP. LAWS ANN. §§37.1101-37.1607, and Michigan public policy when they terminated her on June 4, 2007. Defendants subsequently filed a motion for summary judgment, which this Court granted on December 18, 2008. On the same date, the Court entered a judgment in favor of Defendants and against Plaintiff.

On January 14, 2009, Defendants filed their Bill of Costs, seeking costs in the amount of $2,691.86. The Clerk of the Court taxed costs in the amount requested on January 15, 2009. Currently before the Court are Plaintiff's timely objections to the entry

of taxable costs.  In her motion, Plaintiff asks the Court to not tax any costs against her based on the following reasons: (1) the Court did not declare or judge Plaintiff's case as frivolous or vexatious; (2) she accepted Case Evaluation on September 23, 2008, but the same was rejected by Defendants; and (3) she has suffered financial hardship as a result of her separation from her employment and inability to secure a permanent job.

Rule 54(d) of the Federal Rules of Civil Procedure provides in part: "Unless a federal statute, these rules, or a court order provides otherwise, costs– other than attorney's fees– should be allowed to the prevailing party."  The Sixth Circuit has described this rule as "establish[ing] a norm of action: prevailing parties are entitled to their costs as of course."  *Goostree v. State of Tennessee*, 796 F.2d 854, 863 (1986) (citation omitted).  Departures from this rule are permitted, nevertheless, "'. . . the court's discretion is more limited than it would be if the rule were nondirective.'"  *Id*. (quoting *Coyne-Delaney Co. v. Capital Dev. Bd. of State of Illinois*, 717 F.2d 385, 392 (7th Cir. 1983)).  "'It is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption' favoring an award of costs to the prevailing party."  *Id*. (quoting *Lichter Found., Inc. v. Welch*, 269 F.2d 142, 146 (6th Cir. 1959)).

The Sixth Circuit has identified a number of circumstances where a district court's denial of costs would be a proper exercise of discretion.  *See White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 731-32 (6th Cir. 1986).  These circumstances include "where taxable expenditures by the prevailing party are unnecessary or unreasonably large, . . . cases where the prevailing party should be penalized for unnecessarily

prolonging trial or for injecting unmeritorious issues, . . . cases where the prevailing party's recovery is so insignificant that the judgment amounts to a victory [for the other side], . . . and cases that are close and difficult." *Id.* at 730 (internal citations and quotation marks omitted). While the court also has identified the losing party's indigency as a relevant factor, it is the losing party's burden to show "that they are incapable, as a practical matter and as a matter of equity, of paying such costs." *Weaver v. Toombs*, 948 F.2d 1004, 1014 (6th Cir. 1991). The Sixth Circuit has further advised that the good faith of the losing party in filing, prosecuting or defending an action is an insufficient basis for denying costs to a prevailing party. *White & White, Inc.*, 786 F.2d at 730 (citing *Coyne-Delaney*, 717 F.2d at 390). In light of this guidance from the Sixth Circuit, this Court concludes that Plaintiff fails to overcome the presumption that costs should be awarded in this matter.

    First, whether or not Plaintiff's claims were frivolous and she accepted Case Evaluation are not relevant factors for this Court to consider in deciding whether to exercise its discretion and waive costs in this matter. The Court cannot conclude that Defendant's rejection of Case Evaluation unnecessarily prolonged the matter, particularly because the Court ultimately concluded that Plaintiff was not entitled to prevail on any of her claims. Second, Plaintiff does not assert that she is unable to pay an award of costs. She only claims that "[her] separation from her employment has created severe financial hardship." The Court does not believe that this is a sufficient basis to overcome the presumption. Nevertheless, even if a party's financial hardship would require the Court

to waive costs, Plaintiff provides no documentary support for her claim. Therefore, the Court rejects Plaintiff's objections to the entry of costs.

**SO ORDERED**.

                                           s/PATRICK J. DUGGAN
                                           UNITED STATES DISTRICT JUDGE

Copies to:
Brian J. Cole, Esq.
Khalid Shiekh, Esq.
Linda G. Burwell, Esq.
Monica M. Moore, Esq.